IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RENEE LUCHTMAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HOMESTEAD HOSPICE, et al., <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 1:15-CV-00840-TWT |

**OPINION & ORDER**

This is a qui tam action. It is before the Court on the Plaintiff-Relators' Joint Motion for Attorney Fees [Doc. 91]. For the following reasons, the Motion is GRANTED in part and DENIED in part. As a result, the Plaintiff-Relators' Motion for an Order Directing the Clerk's Office to Issue Summonses [Doc. 119] is GRANTED and their Motion for Status Conference [Doc. 129] is DENIED as moot. The Defendant Eshag, LLC's Motion to Dismiss [Doc. 128] is DENIED.

## I.   Background

The Plaintiff-Relators ("Plaintiffs") filed this action in 2015 alleging violations of the False Claims Act and the Georgia False Medicaid Claims Act.[1] After years of extensions, the United States and the State of Georgia elected to intervene in this action in June 2025 and then settled with the parties as to certain claims, resulting in a voluntary dismissal of the remaining merits

---

[1] In October 2025, two other cases alleging similar claims were consolidated into this action. [*See* Doc. 102].

claims of the Plaintiffs with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). [Docs. 88, 89]. The Plaintiffs specifically reserved their attorneys' fees and cost claims under 31 U.S.C. § 3730(d). [Doc. 89 at 3]. The Court entered the dismissal order on June 9, 2025. [Doc. 90]. The Plaintiffs filed their Motion for Attorney Fees on June 23, 2025. Although the Complaint was unsealed when the Court dismissed the action, the Defendants were never formally served in this action and thus were never served with the Motion for Attorney Fees via CM/ECF. Accordingly, the Court ordered the Plaintiffs to serve the Complaint and Motion on the Defendants and for the Defendants to file a response to the Motion. [Doc. 104 at 3]. The Plaintiffs served the Defendants, who have now responded to the Motion. [Doc. 131].

## II. Legal Standards

A plaintiff-relator who brings a qui tam action in which both (1) the Government elects to intervene and (2) obtains a settlement from the defendant "shall . . . receive an amount for reasonable expenses which the court finds to have been necessarily incurred, plus reasonable attorneys' fees and costs." 31 U.S.C. § 3730(d)(1). "All such expenses, fees, and costs shall be awarded against the defendant." *Id.* The parties here do not dispute the application of the lodestar method to determine the amount of attorney's fees; instead, the Defendants dispute what amount is an appropriate award and against whom.

2

Under the lodestar analysis, "the [C]ourt must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services." *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The lodestar can then be adjusted up or down based on a variety of factors, including the degree of the plaintiff's success in the suit. *Id.*; *see also Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1351-52 (11th Cir. 2008).

### III. Discussion

In their Motion, the Plaintiffs are requesting approximately $1,820,000 in fees and $13,000 in expenses. (Pls.' Mot. for Atty Fees, at 1-2). The Plaintiffs filed their supporting documentation under seal. [Doc. 93]. However, for reasons that are unclear, the Plaintiffs served the Defendants with only redacted versions of their supporting documentation when they served the Complaint and Motion for Attorney Fees on the Defendants. (*See* Defs.' Resp. in Opp'n to Mot. for Atty Fees, at 7-10). The Defendants contend that, without the full information, they are unable to fully and fairly respond to the Plaintiffs' request for fees.[2] In part, the Court agrees. The redacted materials submitted by the Plaintiffs completely redact the descriptions of work performed for each line item and include only the date, number of hours billed,

---

[2] Because the Defendants had not yet been served nor had counsel enter appearances, they would have been unable to access sealed filings through the Court's CM/ECF system.

3

and who billed the time. [*See, e.g.*, Doc. 95-2]. This limited information does not allow the Defendants to fairly assess whether the number of hours the Plaintiffs claim were "reasonably expended" or whether the time was spent towards claims for which the Plaintiffs were ultimately successful. *See Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). The Plaintiffs' redaction is especially pertinent given that the Defendants "recognize that some award is due," and question only "what is the appropriate amount." (*See* Defs.' Resp. in Opp'n to Mot. for Atty Fees, at 4). As the parties agree that some award of fees is warranted, the Court will grant the Plaintiffs' Motion for Attorney Fees as to that determination and will deny the remainder of the Motion without prejudice at this time. The Plaintiffs are directed to serve the Defendants with unredacted versions of the declarations that were previously served in support of their fee request within 14 days of the date of this Order. The request by the Defendants for additional information such as engagement letters is denied. The Court will then allow the Defendants 14 days to respond, at which time the Court will take the issue of what fee award is proper under advisement.

The Defendants also point out that the Plaintiffs seek fees from four entities and individuals who were not named in the original qui tam suits and were never served. The Plaintiffs have a pending motion for the issuance of summonses as to those non-parties. [*See* Doc. 119]. These non-parties are

4

Abdsharafat Family Trust LLC, Masoud Pirouz, Nasrin Hashemi, and Traditions Health, LLC. [*Id.* at 2]. Apparently, the Clerk refused to issue summonses as to these parties because they were not named as Defendants in the original Complaints. The Defendants ask the Court to deny the Motion for Attorney Fees as to these non-parties. The Plaintiffs argue that these non-parties are jointly and severally liable for their fees and expenses because the non-parties were signatories to the parties' Settlement Agreement. The Court agrees with the Plaintiffs. All of the parties who signed the Settlement Agreement obtained a release of the claims against them and are jointly and severally liable for the Plaintiffs' attorney fees and expenses. Thus, the Plaintiffs' Motion for an Order Directing the Clerk's Office to Issue Summonses [Doc. 119] will be granted. And just to make the record clear, the Plaintiffs are directed to file within 14 days from the date of this order a copy of the Settlement Agreement (unsealed).

Finally, the Court notes that Defendant Eshag LLC has filed a Motion to Dismiss [Doc. 128]. The Court understands the stipulation of dismissal [Doc. 89] and the order approving that stipulation [Doc. 90] to have completely resolved all claims against all Defendants in this action. In particular, the Order specifically dismisses all claims against the Defendants based on conduct covered in Recital G of the settlement agreement. [Doc. 90 at 2-3]. Recital G provides, *inter alia*, that "the United States and Georgia contend that

5

they have certain civil claims against . . . Eshag, LLC" arising out of certain specified conduct. [*Id.* at 3]. The Order states that these claims were dismissed with prejudice. [*Id.*]. The Order goes on to state that "[a]ll remaining claims asserted by the [Plaintiffs] on behalf of the Government are dismissed with prejudice to the [Plaintiffs] and without prejudice to the Government." [*Id.*]. The parties asked the Court to direct the entry of final judgment, which it did in the Order. [*Id.*]. Having settled the claims against it and obtaining a final judgment, Eshag, LL's Motion to Dismiss [Doc. 128] is DENIED on the grounds of res judicata.

## IV. Conclusion

For the foregoing reasons, the Plaintiff-Relators' Joint Motion for Attorney Fees [Doc. 91] is GRANTED in part and DENIED in part. It is granted as to the request for fees but denied without prejudice to the Plaintiffs' obligation to serve on the Defendants unredacted versions of the declarations in support of its motion, and an unredacted copy of the Settlement Agreement, within 14 days of the date of this Order. The Defendants shall have 14 days from the date of service to file a supplemental response to the Motion for Attorney Fees. The Court will then take the issue of what fee award is proper under advisement.

The Plaintiffs' Motion for an Order Directing the Clerk's Office to Issue Summonses [Doc. 119] is GRANTED, and the Clerk is directed to issue

summonses as to the non-parties listed therein. The Plaintiffs' Motion for Status Conference [Doc. 129] is DENIED as moot. Finally, the Defendant Eshag, LLC's Motion to Dismiss [Doc. 128] is DENIED.

SO ORDERED, this ___13th___ day of February, 2026.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge